EXHIBIT #1

E-FILED; Somerset Circuit Court
Docket: 2/11/2022 3:07 PM; Submission: 2/11/2022 3:07 PM

IN THE CIRCUIT COURT FOR Somerset County
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒PLAINTIFF   ☐DEFENDANT     CASE NUMBER C-19-CV-22-000010
(Clerk to insert)

**CASE NAME:** Mother Doe, et al. _____ vs. Board of Ed. of Somerset County, et al.
|   Plaintiff   |   Defendant   |

**PARTY'S NAME:** _____   **PHONE:** _____

**PARTY'S ADDRESS:** _____

**PARTY'S E-MAIL:** _____

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** David C.M. Ledyard _____ PHONE: (410) 807-8077

**PARTY'S ATTORNEY'S ADDRESS:** 1 North Charles Street, Suite 1215, Baltimore, Maryland 21201

**PARTY'S ATTORNEY'S E-MAIL:** _____

**JURY DEMAND?** ☒Yes ☐No

**RELATED CASE PENDING?** ☐Yes ☒No  If yes, Case #(s), if known:_____

**ANTICIPATED LENGTH OF TRIAL?:** ____ hours  2 days

### PLEADING TYPE

**New Case:** ☒Original     ☐Administrative Appeal  ☐ Appeal

**Existing Case:** ☐Post-Judgment   ☐Amendment

*If filing in an existing case,* skip Case Category/ Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
- ☐ Asbestos
- ☒ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt: _____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☒ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☒ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☒ Judgment-Interest | ☐ Return of Property |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☒ Liability | ☐ Specific Performance |
| ☐ Arbitration | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Condemn Bldg | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |
| ☒ Damages-Punitive | ☒ Judgment-Default | ☐ Reinstatement of Employment | |

*If you indicated **Liability** above*, mark one of the following.  This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☒ Liability is not conceded, but is not seriously in dispute.   ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000      ☐ $10,000 - $30,000      ☐ $30,000 - $100,000      ☒ Over $100,000

☐ Medical Bills $_____      ☐ Wage Loss $_____      ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101?  (Check all that apply)
A. Mediation          ☐ Yes   ☒ No                    C. Settlement Conference   ☒ Yes   ☐ No
B. Arbitration         ☐ Yes   ☒ No                    D. Neutral Evaluation        ☐ Yes   ☒ No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*   **(Case will be tracked accordingly)**

☐ 1/2 day of trial or less          ☐ 3 days of trial time

☐ 1 day of trial time               ☐ More than 3 days of trial time

☒ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

***For all jurisdictions***, *if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited**- Trial within 7 months of          ☐ **Standard** - Trial within 18 months of
Defendant's response                                      Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response          ☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff................... . |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

2/11/2022
_____
Date

1 North Charles Street, Suite 1215
_____
Address

Baltimore                    MD          21201
_____
City          State        Zip Code

/s/ David C.M. Ledyard
_____
Signature of Counsel / Party

David C.M. Ledyard
_____
Printed Name

E-FILED; Somerset Circuit Court
Docket: 2/11/2022 4:02 PM; Submission: 2/11/2022 4:02 PM



**CIRCUIT COURT FOR SOMERSET COUNTY,
MARYLAND**

30512 Prince William Street
Princess Anne, Maryland 21853

Phone: 410-845-4840
Fax: 410-845-4842

**To:** BOARD OF EDUCATION OF SOMERSET COUNTY
SERVE ON: RESIDENT AGENT
FULTON P. JEFFERSON, ESQUIRE-ATTORNEY TO THE
BOARD
P.O. BOX 750
SALISBURY, MD 21803

|  |  |
|---|---|
| **Case Number:** | C-19-CV-22-000016 |
| **Other Reference Number(s):** |  |
| **Child Support Enforcement Number:** |  |

**MOTHER DOE #1, ET AL. VS. BOARD OF EDUCATION OF SOMERSET COUNTY, ET AL.**

Issue Date: 2/11/2022

## WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

MOTHER DOE #1; FATHER DOE #1; STUDENT DOE #1; MOTHER DOE #2;
FATHER DOE #2; STUDENT DOE #2; MOTHER DOE #3; FATHER DOE #3;
STUDENT DOE #3

c/o Ledyard Law, LLC
1 North Charles Street, Suite 1215
Baltimore, MD 21201

This summons is effective for service only if served within 60 days after the date it is issued.

*Charles T. Horner*

Charles T. Horner
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.

**Mother Doe #1, et al. vs. Board of Education of Somerset County, et al.**

4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

**Mother Doe #1, et al. vs. Board of Education of Somerset County, et al.**

**Circuit Court for Somerset County**
**Case Number: C-19-CV-22-000016**

# SHERIFF'S RETURN
### (please print)

To:  BOARD OF EDUCATION OF SOMERSET COUNTY

_____ ID# _____ of the _____
Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served _____
Name of person served

on _____ at _____
Date of service                           Location of service

_____ by _____ with the following:
Manner of service

☐ Summons                              ☐ Counter-Complaint
☐ Complaint                            ☐ Domestic Case Information Report
☐ Motions   _____          ☐ Financial Statement
☐ Petition and Show Cause Order        ☐ Interrogatories
☐ Other   _____
Please specify

(2) Was unable to serve because:
☐ Moved left no forwarding address     ☐ No such address
☐ Address not in jurisdiction          ☐ Other _____
Please specify

Sheriff fee: $ _____   ☐ waived by _____

_____   _____
Date                        Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:
1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

CC-CV-032 (Rev. 11/23/2020)                    **Page 3 of 3**                    02/11/2022 3:55 PM

E-FILED; Somerset Circuit Court
Docket: 2/11/2022 3:07 PM; Submission: 2/11/2022 3:07 PM

MOTHER DOE #1, *Individually,*                    *          IN THE CIRCUIT COURT
*And as Mother and Next Friend of*
*Her Minor Child*, STUDENT DOE #1,                 *          FOR SOMERSET COUNTY
c/o Ledyard Law LLC
1 North Charles Street, Suite 1215                 *          CIVIL DIVISION
Baltimore, Maryland 21201
                                                   *
   *And*
                                                   *                    C-19-CV-22-000016
                                                              Case No.:
FATHER DOE #1, *Individually,*                     *
*And as Father and Next Friend of*
*His Minor Child*, STUDENT DOE #1,                 *
c/o Ledyard Law LLC
1 North Charles Street, Suite 1215                 *
Baltimore, Maryland 21201
                                                   *
   *And*
                                                   *
STUDENT DOE #1,                                    *
c/o Ledyard Law LLC
1 North Charles Street, Suite 1215                 *
Baltimore, Maryland 21201
                                                   *
   *And*
                                                   *
MOTHER DOE #2, *Individually,*                     *
*And as Mother and Next Friend of*
*Her Minor Child*, STUDENT DOE #2,                 *
c/o Ledyard Law LLC
1 North Charles Street, Suite 1215                 *
Baltimore, Maryland 21201
                                                   *
   *And*
                                                   *
FATHER DOE #2, *Individually,*                     *
*And as Father and Next Friend of*
*His Minor Child*, STUDENT DOE #2,                 *
c/o Ledyard Law LLC
1 North Charles Street, Suite 1215                 *
Baltimore, Maryland 21201
                                                   *
   *And*
                                                   *
STUDENT DOE #2,                                    *
c/o Ledyard Law LLC
1 North Charles Street, Suite 1215

Baltimore, Maryland 21201                    *

      *And*                                  *

MOTHER DOE #3, *Individually,*               *
*And as Mother and Next Friend of*
*Her Minor Child*, STUDENT DOE #3,           *
c/o Ledyard Law LLC
1 North Charles Street, Suite 1215           *
Baltimore, Maryland 21201
                *

      *And*                                  *

FATHER DOE #3, *Individually,*               *
*And as Father and Next Friend of*
*His Minor Child*, STUDENT DOE #3,           *
c/o Ledyard Law LLC
1 North Charles Street, Suite 1215           *
Baltimore, Maryland 21201                    *

      *And*                                  *

STUDENT DOE #3,                              *
c/o Ledyard Law LLC
1 North Charles Street, Suite 1215           *
Baltimore, Maryland 21201
                *

      *Plaintiffs,*                          *

        v.                               *

BOARD OF EDUCATION OF
SOMERSET COUNTY                              *
d/b/a SOMERSET COUNTY PUBLIC SCHOOLS,
7982A Tawes Campus Drive                     *
Westover, Maryland 21871
                *

      *Serve On: Resident Agent*
      Fulton P. Jefferson, Esquire – Attorney to the Board *
      P.O. Box 750
      Salisbury, Maryland 21803              *

      *And*                                  *

SAMANTHA WILLIAMS MARSH,                     *
5189 Billy Blair Lane

2 of 26

Crisfield, Maryland 21817-2653,
     *Defendants.*          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT & REQUEST FOR JURY TRIAL

Plaintiffs, by and through David C.M. Ledyard and Ledyard Law LLC, sue Defendants The Board of Education of Somerset County (the "Board"), doing business as Somerset County Public Schools ("SCPS"), Samantha Williams Marsh, and state:

### PARTIES

1.     Mother Doe #1 is a citizen of Somerset County, Maryland.  Mother Doe #1 is the parent of Student Doe #1.

2.     Student Doe #1 is and was a citizen of Somerset County, Maryland.

3.     Father Doe #1 is a and was a citizen of Somerset County, Maryland.  Father Doe #1 is the parent of Student Doe #1.

4.     Mother Doe #2 is a citizen of Somerset County, Maryland.  Mother Doe #2 is the parent of Student Doe #2.

5.     Student Doe #2 is and was a citizen of Somerset County, Maryland.

6.     Father Doe #2 is a and was a citizen of Somerset County, Maryland.  Father Doe #2 is the parent of Student Doe #2.

7.     Mother Doe #3 is a citizen of Somerset County, Maryland.  Mother Doe #3 is the parent of Student Doe #3.

8.     Student Doe #3 is and was a citizen of Somerset County, Maryland.

9.     Father Doe #3 is a and was a citizen of Somerset County, Maryland.  Father Doe #3 is the parent of Student Doe #3.

10.     At all times relevant to this complaint, Student Doe #1, #2, and #3 were students at Crisfield Academy & High School (the "School"), a public school owned and operated by the Board.

11.     Defendant Board is a county school system board of education created pursuant to Title 3 of the Education Article of the Maryland Code and controls the Somerset County school system (hereinafter, the "School System").  The Board is the legal Board responsible for all actions of the School System and the School System's employees and agents, including all individual and

Board Defendants. At all times relevant herein, the Board was responsible for the safety and well-being of Student Doe #1, #2, and #3 while they were students at the Board schools.

12.     Defendant Samantha Williams Marsh ("Samantha Marsh"), is and was currently is a citizen of Somerset County, Maryland. At all times relevant herein, Defendant Marsh was a Maryland citizen, and was a teacher hired by the Board Defendants to teach and provide education services and was assigned to work at the School. Upon information and belief, Defendant Marsh was a school nurse.

13.     Collectively and/or Individually, Defendant(s) The Board of Education of Somerset County (the "Board"), doing business as Somerset County Public Schools ("SCPS") and Samantha Marsh, and the School System will be referred to as the "Board Defendants."

## JURISDICTION AND VENUE

14.     This Court has personal jurisdiction over the Defendants pursuant to Maryland Code, Courts & Judicial Proceedings, § 6-103, because the cause of action arose in Maryland.

15.     This Court has subject matter jurisdiction over the Defendants pursuant to Maryland Code, Courts & Judicial Proceedings, § 4-401(1), because the amount in controversy is greater than thirty-thousand dollars ($30,000.00).

16.     Venue lies with this Court pursuant to (i) Maryland Code, Courts & Judicial Proceedings, § 6-201(a), because Defendants reside, carry on a regular business, habitually engage in a vocation, or maintain their principal offices in this County; (ii) Maryland Code, Courts & Judicial Proceedings, § 6-201(b), because there is more than one Defendant and there is no single venue applicable to all Defendants, so all may be sued in a county in which any one of them could be sued; and § 6-202(8), because this is a tort action based in negligence arising in this County.

17.     Pursuant to Maryland Code Annotated, Courts & Judicial Proceedings, §5-518(d), the Board is joined not just as a Defendant but as a necessary party.

## FACTUAL BACKGROUND

18.     Pursuant to Maryland Rule 2-303(c), Plaintiff(s) set(s) forth multiple counts and prayers for relief regardless of consistency.

19.     Student Doe #1 is male and African American and was 17 years old at the time of the incident.

20.     Student Doe #2 is male and African American and was 17 years old at the time of the incident.

21.     Student Doe #3 is male and African American and was 17 years old at the time of the incident.

22.     Defendant Marsh was the student nurse at the School.

23.     Defendant Marsh was hired one year prior to the occurrence.

24.     Defendant Marsh had not previously worked as a nurse in a school setting or high school setting before this job.

25.     Despite her inexperience, Board Defendants failed to provide Defendant Marsh any training on appropriate boundaries with students.

26.     Despite her inexperience and training, Board Defendants failed to provide Defendant Marsh with any supervision regarding appropriate boundaries with students or use of her workspace.

27.     Over the course of her employment, Defendant Marsh participated in a process known as "grooming" in order to entice students, specifically African American students, to spend time in the nurses station.

28.     Defendant Marsh utilized candy, snacks, and other drinks to entice students to spend time in the nurses station.

29.     Often Defendant Marsh had so many students hanging in her office that students requiring medical attention or assistance had difficulty receiving that attention or did not receive that attention at all.

30.     Defendant Marsh also spent excessive time with her male African American students talking excessively to them in person, on social media, and via text messages.

31.     Defendant Marsh gave her male African American students unlimited access to the candy kept in her office which was supposed to be primarily for diabetics.

32.     Defendant Marsh often gave students rides in her personal vehicle both during and after school hours.

33.     Defendant Marsh exhibited all of the red flag behaviors of grooming, attempting make it seem normal to as many male African American students as possible to have sexual relations with her because she wanted to have a "black baby."

34.     Board Defendants were aware that Defendant Marsh was exhibiting these red flag

grooming behaviors and did nothing to increase Defendant Marsh's training or supervision to eliminate these behaviors and the risks associated with them.

35.     Board Defendants either witnessed these red flags themselves or received complaints from personnel at the school and concerned parents.

36.     In fact, Board Defendants received information in the Spring of 2018 that Defendant Marsh had engaged in sexual activity with a student but failed to take any action regarding those entities, including making a report with the authorities for an independent investigation. Had this report been made, Defendant Marsh would not have had access to and could not have engaged in sexual relations with Students Doe #1, #2, and #3.

37.     Defendant Marsh had groomed Student Doe #1, #2, and #3 for several years targeting them because they were male and African American, gaining their trust, getting them to spend excessive time in her office, giving them small gifts, giving them special attention, and finally getting them to have sexual relations with her.

38.     Defendant Marsh did not have proper training or supervision as the behavior she exhibited was noted by Board Defendants as early as October 2017 and no additional training or supervision was given to Defendant Marsh.

39.     On July 20, 2019, Defendant Marsh eventually pled guilty to three counts of fourth degree sex charges in the Circuit Court for Somerset County, Criminal Case No.: C-19-CR-19-000045. These counts were directly related to the actions of Defendant Marsh described above.

40.     Defendant Marsh engaged in sexual relations with Student Doe #1, Student Doe #2, and Student Doe #3 between March 2018 and October 2018. All students were under the age of 18 until, at the earliest, July 1, 2019 (dates of birth have not been provided to protect privacy).

41.     All parents learned of this sexual activity on February 11, 2019, when the Somerset County Sheriff's Office began an investigation into a report of potential child sex abuse against Defendant Marsh.

42.     As Defendant Marsh was the School Nurse, Board Defendants were required to provide Defendant Marsh with the proper training to identify what behavior was inappropriate and needed to be entirely avoided.

43.     Furthermore, Board Defendants were required to confirm that the School nurse met the minimal qualifications for working inside a school and that school nurses met the minimum qualifications, training, and experience for working with students, including Student Doe #1, #2,

and #3. Board Defendants failed to take any of these actions.

44.     As Defendant Marsh was the nurse for the School, Board Defendants were required to provide Defendant Marsh with proper supervision especially after they were on notice of inappropriate behavior. Board Defendants failed to take any of these actions.

45.     At all relevant times, the employees of Board Defendants, including Defendant Marsh, were acting within the scope of their employment in matters relating to Student Doe #1, #2, and #3, which included, but was not limited to, providing medical care to Student Doe #1, #2, and #3, supervising Student Doe #1, #2, and #3, ensuring the safety of Student Doe #1, #2, and #3, interacting with Student Doe #1, #2, and #3, and monitoring Student Doe #1, #2, and #3.

46.     At all relevant times, Student Doe #1, #2, and #3 were under the care, custody, and control of Board Defendants, its agents, servants, and employees, including Defendant Marsh.

47.     Board Defendants have a *loco parentis* relationship with its students and has a special duty to protect a student from harm.

48.     None of the alleged abuse, including all actions and/or inactions, stated above had any educational value or provided any benefit to Student Doe #1, #2, and #3, comported with best practices, or comported with training, methods, or techniques used to educate students. All of these actions and/or inactions constituted abuse, which is against state law, state regulations, and local regulations.

49.     Defendant Marsh could not have acted in the manner described had she not been employed by Board Defendants. Defendant Marsh's employment by Board Defendants allowed Defendant Marsh access to Student Doe #1, #2, and #3 to abuse Student Doe #1, #2, and #3.

50.     These allegations do not relieve the Board Defendants of their independent and non-delegable duties and obligations under the law, but extend liability to additional Defendants for their actions/inactions that resulted in harm to Plaintiffs.

51.     Plaintiffs are only seeking a monetary remedy, not an educational remedy.

## COUNT I – Negligence
### *Plaintiff(s) v. Defendant(s)*

52.     Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

53.     The Board Defendants owed a duty to parents and students, including Student Doe

#1, #2, and #3 and the Plaintiffs, to provide for the safety and care of students when those students are in the custody and control of the Board Defendants.  While students are in the custody and control of the Board Defendants, the Board Defendants have a special relationship with students and owe students the same duty that parents and guardians owe to the persons under their custody and control. The Board Defendants also have a duty to prevent an individual who posed an unreasonable risk of harm to students from interacting and having access to these students while they were under the custody, care, and control of the Board Defendants.

54.     The Board Defendants also had a duty pursuant to Maryland Code Annotated, Family Law, §5-704, to notify authorities "as soon as possible" and submit a "written report" within 48 hours if the educator had "reason to believe that a child has been subjected to abuse or neglect."

55.     The Board Defendants breached the duty owed to Student Doe #1, #2, and #3 and their parents when their employee/agent, Defendant Marsh, engaged in inappropriate, improper, non-constructive, non-educational, demeaning and physically, emotionally, socially, psychologically, and mentally abusive acts directed at Student Doe #1, #2, and #3.

56.     The Board Defendants breached the duty owed to Student Doe #1, #2, and #3 and their parents when the Board Defendants permitted Defendant Marsh to come into contact with Student Doe #1, #2, and #3, place Defendant Marsh in a position of trust and authority and knew or should have known Defendant Marsh was likely to abuse children.

57.     The Board Defendants breached the duty owed to Student Doe #1, #2, and #3 when they allowed Defendant Marsh to associate with Student Doe #1, #2, and #3.

58.     The Board Defendants also breached the duty owed to Student Doe #1, #2, and #3 by failing to promptly notify authorities and submit a written report within 48 hours after suspecting that Student Doe #1, #2, and #3 had been subjected to abuse or neglect.

59.     The Board Defendants are responsible for the actions of their employee/agent, Defendant Marsh.

60.     Plaintiffs suffered and sustained personal injuries, damages, and harms as a result of the breach of duty by the School System and the Board and Individual Defendants.

### COUNT II – Negligent Training and Supervision
#### *Plaintiff(s) v. Defendant(s)*

61.     Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

62.     The Board Defendants owed a duty to parents and students, including Student Doe #1, #2, and #3 and the Plaintiffs, to provide for the safety and care of students when those students are in the custody and control of the Board Defendants.  While students are in the custody and control of the Board Defendants, the Board Defendants have a special relationship with students and owe students the same duty that parents and guardians owe to the persons under their custody and control. The Board Defendants also have a duty to prevent an individual who posed an unreasonable risk of harm to students from interacting and having access to these students while they were under the custody, care, and control of the Board Defendants. The duty owed by the Board Defendants includes the appropriate training and supervision of nurses, including nurses such as Defendant Marsh, so that students, such as Student Doe #1, #2, and #3, were protected from harm and injury.

63.     The Board Defendants breached the duty owed to Student Doe #1, #2, and #3 and their parents when the Board Defendants failed to properly:

> a. train Defendant Marsh on instructing, interacting with, caring for, and supervising Student Doe #1, #2, and #3, including refraining from using inappropriate, improper, non-constructive, demeaning and physically, emotionally, socially, psychologically, and mentally abusive acts directed at Student Doe #1, #2, and #3.
>
> b. supervise Defendant Marsh regarding her instruction, interaction with, caring for, and supervision of Student Doe #1, #2, and #3, including failing to take appropriate action in light of the inappropriate, improper, non-constructive, demeaning and physically, emotionally, socially, psychologically, and mentally abusive acts directed at Student Doe #1, #2, and #3.
>
> c. supervise Student Doe #1, #2, and #3 to ensure that they was not abused, were cared for, and received proper instruction, interaction with nurses, and supervision, including (i) failing to take appropriate action in light of the inappropriate, improper, non-constructive, demeaning and physically, emotionally, socially, psychologically,

and mentally abusive acts directed at Student Doe #1, #2, and #3, and (ii) failing to investigate concerns when receiving complaints regarding Defendant Marsh's treatment towards and interactions with Student Doe #1, #2, and #3, and (iii) failing to take any meaningful action regarding the treatment of Student Doe #1, #2, and #3 and their interactions with Defendant Marsh, and (iv) failing to deter the abuse of Student Doe #1, #2, and #3. These actions/inactions rise to the level of deliberate indifference towards or tacit approval of the conduct of Defendant Marsh.

64.      The Board Defendants also failed to adequately train and/or supervise Defendant Marsh to ensure that Defendant Marsh did not engage in additional inappropriate, improper, non-constructive, demeaning and physically, emotionally, socially, psychologically, and mentally abusive acts directed at Student Doe #1, #2, and #3.

65.      Plaintiffs suffered and sustained personal injuries, damages, and harms as a result of the breach of duty by the School System and the Board and Individual Defendants.

## COUNT III – Negligence
### *Plaintiff(s) v. Defendant Marsh*

66.      Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

67.      Defendant Marsh owed a duty to students and parents, including Student Doe #1, #2, and #3 and the Plaintiffs, to provide for the safety and care of students when those students are in her custody and control, including refraining from using inappropriate, improper, non-constructive, demeaning and physically, emotionally, socially, psychologically, and mentally abusive acts directed at Student Doe #1, #2, and #3.

68.      Defendant Marsh owed a duty to parents and students, including Student Doe #1, #2, and #3 and the Plaintiffs, to provide for the safety and care of students when those students are in the custody and control of Defendant Marsh and her colleagues.  While students are in the custody and control of the Defendant Marsh and her colleagues, the Defendant Marsh has a special relationship with students and owe students the same duty that parents and guardians owe to the persons under their custody and control.

69.     Defendant Marsh breached the duty owed to Student Doe #1, #2, and #3 and their parents when she engaged in inappropriate, improper, non-constructive, demeaning and physically, emotionally, socially, psychologically, and mentally abusive acts directed at Student Doe #1, #2, and #3.

70.     Plaintiffs suffered and sustained personal injuries, damages, and harms as a result of the breach of duty by the School System and the Board and Individual Defendants.

### COUNT IV – Battery
### *Plaintiff(s) v. Defendant Marsh*

71.     Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

72.     Defendant Marsh intentionally intended to cause harmful and offensive contact with Student Doe #1, #2, and #3 and harmful and offensive conduct with Student Doe #1, #2, and #3.

73.     Student Doe #1, #2, and #3 did not consent, and because of Student Doe #1's, #2's, and #3's age, could not consent to Defendant Marsh's actions.

74.     Student Doe #1's, #2's, and #3's parents did not consent to Defendant Marsh's actions.

75.     The actions of Defendant Marsh were performed deliberately, ill-will, intentionally and with malice.

76.     Plaintiffs suffered and sustained personal injuries, damages, and harms as a result of the battery by the School System and the Board and Individual Defendants.

### COUNT V – Invasion of Privacy
### *Plaintiff(s) v. Defendant(s)*

77.     Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

78.     Defendant Marsh intentionally intruded upon Plaintiffs' private place and/or the affairs of Student Doe #1, #2, and #3.

79.     Student Doe #1, #2, and #3 did not consent, and because of Student Doe #1's, #2's, and #3's age, could not consent to Defendant Marsh's actions.

80.    Student Doe #1's, #2's, and #3's parents did not consent to Defendant's actions.

81.    Defendant Marsh's intrusions would be highly offensive to a reasonable person.

82.    The actions of Defendant Marsh were performed intentionally and with malice.

83.    Plaintiffs suffered and sustained personal injuries, damages, and harms as a result of the invasion of privacy by the School System and the Board and Individual Defendants.

### COUNT VI – Intentional Infliction of Emotional Distress
#### *Plaintiff(s) v. Defendant Marsh*

84.    Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

85.    The conduct of Defendants, their agents, and their employees was intentional or reckless, and in deliberate disregard of a high probability that emotional distress would result to the Plaintiff.

86.    The conduct of Defendants, their agents, and their employees was extreme and outrageous and beyond the bounds of societal decency.

87.    The conduct of Defendants, their agents, and their employees was malicious, willful, and intentional.

88.    As a direct and proximate result of the wrongful conduct and intentional infliction of emotional distress by Defendants, their agents, and their employees, Plaintiffs have sustained a severely disabling emotional response.

89.    Plaintiffs suffered and sustained personal injuries, damages, and harms as a result of the Intentional Infliction of Emotional Distress by the Defendants.

### COUNT VII – Violation of Rights Secured Under
### Article 24 of the Maryland Declaration of Rights
#### *Plaintiff(s) v. Defendant(s)*

90.    Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

91.    Article 24 of the Maryland Declaration of Rights guarantees public school students the right to (i) bodily integrity, (ii) personal security, (iii) be free from abuse, (iv) autonomy over body; (v) self-determination over body; (vi) a protected property interest in their freedom, (vii) the

ability to exercise free will and dominion over their person, (viii) be free from unlawful and unwelcome battery by a government actor, and (ix) be free from a deprivation of liberty without due process of law.

92.     As detailed above, Defendant(s) action(s) deprived Plaintiff(s) of Plaintiff(s)' rights under Article 24 of the Maryland Declaration of Rights.

93.     Defendants also violated Plaintiff(s)' rights by providing less process than was due under Maryland law, depriving Plaintiff(s) of numerous protected rights and property interests, and acting in an objectively unreasonable manner.

94.     Board Defendants had notice of this abuse as described above.

95.     Board Defendants adopted a policy, pattern, and/or practice of inaction that facilitated the abuse of Plaintiff(s).

96.     Board Defendants tacitly approved of the unconstitutional conduct and displayed deliberate indifference reflecting the Board Defendants' failure to act amounted to an official policy of inaction. Specifically, Board Defendants did nothing to stop this abuse once having notice of it. In addition, Board Defendants' failing to train and/or failing to supervise Defendant Marsh resulted in a deprivation of Plaintiff(s)' right under the Maryland Declaration of Rights and Constitution.

97.     Furthermore, Board Defendants' policy, pattern, and/or practice of inaction was the moving force behind the actual constitutional deprivation.

98.     As a direct and proximate result of Defendant(s)' actions/inaction, Plaintiff(s) suffered personal injuries.

99.     At all times relevant, Defendant(s) acted with ill-will and malice.

100.    At all times relevant, Defendant Marsh was working as an agent, employee, or servant of Board Defendants and/or under the color of law.

101.    Board Defendants is vicariously liable for Defendant Marsh's violations of Plaintiff(s)'s rights under Article 24 of the Maryland Declaration of rights.

102.    Plaintiffs suffered and sustained personal injuries, damages, and harms as a result of the violation of the Maryland Declaration of Rights by the School System and the Board and Individual Defendants.

### COUNT VIII – Violation of Rights Secured Under

**Article 26 of the Maryland Declaration of Rights**
_**Plaintiff(s) v. Defendant(s)**_

103.    Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

104.    Article 26 of the Maryland Declaration of Rights guarantees the right to be free from unlawful search or seizure, loss of liberty, and the right to bodily integrity.

105.    As detailed above, Defendant(s) actions deprived Student Doe #1, #2, and #3 of their rights under Article 26 of the Maryland Declaration of Rights, including, but not limited to freedom from unlawful search or seizure, loss of liberty, and the right to bodily integrity.

106.    Board Defendants had notice of this abuse as described above.

107.    Board Defendants adopted a policy, pattern, and/or practice of inaction that facilitated the abuse of Plaintiff(s).

108.    Board Defendants tacitly approved of the unconstitutional conduct and displayed deliberate indifference reflecting Board Defendants' failure to act amounted to an official policy of inaction. Specifically, Board Defendants did nothing to stop this abuse once having notice of it. In addition, Board Defendants' failing to train and/or failing to supervise Defendant Marsh resulted in a deprivation of Plaintiff(s)' right under the Maryland Declaration of Rights and Constitution.

109.    Furthermore, Board Defendants' policy, pattern, and/or practice of inaction was the moving force behind the actual constitutional deprivation.

110.    As a direct and proximate result of Defendant(s)' actions/inaction, Plaintiff(s) suffered personal injuries.

111.    At all times relevant, Defendant(s) acted with ill-will and malice.

112.    At all times relevant, Defendant Marsh was working as an agent, employee, or servant of Board Defendants and/or under the color of law.

113.    Board Defendants is vicariously liable for Defendant Marsh's violations of Plaintiff(s)'s rights under Article 26 of the Maryland Declaration of rights.

114.    Plaintiffs suffered and sustained personal injuries, damages, and harms as a result of the violation of the Maryland Declaration of Rights by the School System and the Board and Individual Defendants.

**COUNT IX – Gross Negligence**

*__Plaintiff(s) v. Defendant(s)__*

115.    Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

116.    Defendants owed Plaintiffs and all others a duty to act or refrain from acting in a manner that does not create a wanton and reckless disregard for others – by avoiding intentionally inflicting injury or acting (or failing to act) in a manner that was so utterly indifferent to the right of others as if such rights did not exist.

117.    Defendant(s) breached this duty and were grossly negligent for the reasons state above.

118.    Plaintiffs suffered and sustained personal injuries, damages, and harms as a direct and proximate result of the breach of duty by the School System and the Board and Individual Defendants.

### COUNT X – Violation of Maryland Code, State Government, §20-901
*__Plaintiff(s) v. Defendant(s)__*

119.    Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

120.    Maryland Code Annotated, State Government, §20-304, states "An owner or operator of a place of public accommodation or an agent or employee of the owner or operator may not refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, or privileges of the place of public accommodation because of the person's race, sex, age, color, creed, national origin, marital status, sexual orientation, gender idBoard, or disability."

121.    Maryland Code, State Government, §20–301,   defines a "place of public accommodation" as a "cafeteria, lunchroom, … , motion picture house, theatre, concert hall, sports arena, stadium, or other place of exhibition or entertainment, … a retail establishment that is operated by a public Board and offers goods, services, entertainment, recreation, or transportation, or … an establishment (1) that is physically located within the premises of any other establishment covered by this subtitle or (2) within the premises of which another establishment covered by this subtitle is physically located, and holds itself out as serving patron of the covered establishment."

122.    Maryland Code Annotated, State Government, §20-901, states that "a unit, officer, or employee of the State, a county, or a municipal corporation may not engage in a discriminatory

act prohibited by § 20-304, § 20-606, § 20-705, § 20-706, § 20-707, or § 20-708 of this title."

123.    Maryland Code Annotated, State Government, §20-801, states that "A person may not: (1) aid, abet, incite, compel, or coerce any person to commit a discriminatory act; (2) attempt, directly or indirectly, alone or in concert with others, to commit a discriminatory act; or (3) obstruct or prevent any person from complying with this title or any order issued under this title."

124.    Defendant(s) breached all of these statutory provisions due to the conduct described above.

125.    Plaintiffs suffered and sustained personal injuries, damages, and harms as a result of the violation of the Maryland Code by the School System and the Board and Individual Defendants.

### COUNT XI – Violation of Maryland Constitutional Article VIII, §1
### *Plaintiff(s) v. Defendant(s)*

126.    Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

127.    Md. Const. art. VIII, § 1 guarantees a thorough and efficient public school education to children in Maryland. It provides as follows: "The General Assembly, at its First Session after the adoption of this Constitution, shall by Law establish throughout the State a thorough and efficient System of Free Public Schools; and shall provide by taxation, or otherwise, for their maintenance."

128.    Article III, Section 52(f) provides "for the establishment and maintenance throughout the State of a thorough and efficient system of public schools in conformity with Article VIII of the Constitution and with the laws of the State."

129.    The abuse suffered by Student Doe #1, #2, and #3 denied Student Doe #1, #2, and #3 the right to a thorough and efficient public school education guaranteed by the Maryland Constitution because Board Defendants adopted a policy, procedure, and practice of inaction in response to Defendant Marsh's abuse, and because Board Defendants created an environment which resulted in the deprivation of Plaintiff's constitutional right to a public education.

130.    Plaintiffs suffered and sustained personal injuries, damages, and harms as a result of the violation of the Maryland Constitution by the School System and the Board and Individual Defendants.

### COUNT XII – Breach of Fiduciary Duty
***Plaintiff(s) v. Defendant(s)***

131.    Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

132.    A fiduciary relationship existed between Plaintiff(s) and Defendant(s).

133.    Defendant(s) breached the duty owed by the fiduciary (Defendant(s)) to the beneficiary (Plaintiff(s)).

134.    Plaintiffs suffered and sustained personal injuries, damages, and harms as a result of the breach of the fiduciary duty by the School System and the Board and Individual Defendants.

### COUNT XIII – Respondeat Superior
***Plaintiff(s) v. Defendant(s)***

135.    Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

136.    Defendants, their agents, and their employees supervising, caring for, teaching, and tracking Student Doe #1, #2, and #3 were employed by, the agents of, or the servants of Defendants, their agents, and their employees.

137.    Defendants, their agents, and their employees committed the acts and omissions complained of while working on duty for Defendants, their agents, and their employees, which resulted in personal injury to Plaintiff.

138.    Defendants, their agents, and their employees committed these acts or omissions within the scope of their employment, agency relationship, or servitude relationship with Defendants, their agents, and their employees for which they were acting in furtherance of the interests of Defendants, their agents, and their employees.

139.    As a direct and proximate result of Defendant(s)' actions and/or inaction, Plaintiffs have sustained personal injuries, harm, and damages.

### COUNT XIV – Violation of Title VI of the Civil Rights Act of 1964
### (Title VI, 42 U.S.C. § 2000d *et seq.*)
***Plaintiff(s) v. Defendant(s)***

140.   Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

141.   Pursuant to Title VI of the Civil Rights Act, it is prohibited for "any program or activity receiving Federal financial assistance" to:

      a.   Discriminate on the grounds of race, color, or national origin;

      b.   Deny benefits on the grounds of race, color, or national origin; or

      c.   Excluded people from participation on the grounds of race color, or national origin.

142.   Defendants intentionally discriminated against students on the bases of race.

143.   Defendant Marsh intentionally targeted African American students to pay special attention to, to provide with incentives to spend more time in her office, and to groom for the purpose of sexual relations.

144.   Pursuant to *Barnes v. Gorman*, 536 U.S. 181, 185 (2002) (quoting *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001) it is "beyond dispute that private individuals may sue" to address allegations of intentional discrimination under Title VI.

145.   Board Defendants received the requisite Federal financial assistance for this act to apply.

146.   Plaintiffs suffered and sustained personal injuries, damages, and harms as a result of the breach of the fiduciary duty by the School System and the Board and Individual Defendants.

### COUNT XV – Violation of Title IX of the Education Amendments of 1972
### (20 U.S.C. § 1681(a))
### *Plaintiff(s) v. Defendant(s)*

147.   Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

148.   Pursuant to Title IX of the Education Amendments of 1972, it is prohibited for "any education program or activity receiving Federal financial assistance" to:

      1.   Discriminate on the grounds of sex;

      2.   Deny benefits on the grounds of sex; or

      3.   Excluded people from participation on the grounds of sex.

149.   Defendants intentionally discriminated against students on the bases of sex.

150.     Defendant Marsh intentionally targeted male students to pay special attention to, to provide with incentives to spend more time in her office, and to groom for the purpose of sexual relations.

151.     Pursuant to *Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1988) recipients of federal educational funds are subject to a private damages action when they intentionally violate Title IX and the recipient is "deliberately indifferent" to known acts of teacher-student discrimination.

152.     Board Defendants received the requisite Federal financial assistance for this act to apply.

153.     Defendants knew that intentional teacher-student discrimination was occurring and were deliberately indifferent to the occurrences because they took no action to stop the discrimination.

154.     Plaintiffs suffered and sustained personal injuries, damages, and harms as a result of the breach of the fiduciary duty by the School System and the Board and Individual Defendants.

**COUNT XVI – Violation of Rights Secured Under 42 U.S.C.A. § 1983 and the Fourteenth Amendment to the United States Constitution**
*__Plaintiffs v. Defendants__*

155.     Plaintiff(s) incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

156.     Defendant(s), its/their agents, servants, and employees (a)(i) acted or (ii) engaged in activities or (b) failed to act in violation of Plaintiff(s)'s clearly established rights secured and protected under 42 U.S.C.A. §1983 and, including, but not limited to, the Fourteenth Amendment of the United States Constitution as well as the State of Maryland Declaration of Rights and the Constitution of the State of Maryland, the Laws of the State of Maryland, the Regulations of the State of Maryland, and the applicable County Charter and/or Code.

157.     42 U.S.C.A. §1983 states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other

proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

158.    The Fourteenth Amendment of the Constitution is incorporated onto the States.

159.    Furthermore, the Fourteenth Amendment of the Constitution States: "All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

160.    This cause of action is to redress the deprivation under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to Plaintiffs by the following non-exhaustive sources: the United States Constitution, Federal law, the State of Maryland Declaration of Rights, the Constitution of the State of Maryland, the Laws of the State of Maryland, the Regulations of the State of Maryland, and any local law or ordinance. The deprivation was of a clearly established right.

161.    Plaintiff(s) has/have a protected property interest in the rights, liberties, and privileges described above and Plaintiff(s) was/were deprived of numerous protected property interests by the Defendants, their agents, and their employees when Defendant(s) failed to provide equal rights to male students and African American students.

162.    Plaintiff(s) was/were afforded less process than was due under law by the Defendant(s), its/their agents, servants, and employees in depriving them of the rights in question.

163.    The individual Defendant(s), its/their agents, servants, and employees, at all times relevant hereto, acted under color of law and in a manner that was not objectively reasonable.

164.    Plaintiff(s) further allege(s) that all of Plaintiff(s)'s injuries, losses, and damages - past, present and prospective - were caused solely by the conduct, actions, and inactions of the Defendant(s), its/their agents, servants, and employees, as set forth herein, without any negligence, want of due care, or provocation on the part of the Plaintiff(s), either directly or indirectly.

165.    Defendant(s), its/their agents, servants, and employees adopted a policy, pattern,

and/or practice of action and/or inaction that facilitated the violation of Plaintiff(s) rights.

166.    Defendant(s), its/their agents, servants, and employees tacitly approved and displayed deliberate indifference towards this unconstitutional conduct reflecting what amounted to an official policy of inaction.

167.    As a direct and proximate result of these acts, by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

### COUNT XVII – Violation of Rights Secured Under 42 U.S.C.A. § 1981
### *Plaintiffs v. Defendants*

168.    Plaintiff(s) incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

169.    Defendant(s), its/their agents, servants, and employees (a)(i) acted or (ii) engaged in activities or (b) failed to act in violation of Plaintiff(s)'s clearly established rights secured and protected under 42 U.S.C.A. §1981 and, including, but not limited to, the Fourteenth Amendment of the United States Constitution as well as the United States Code, United States Federal Register, the State of Maryland Declaration of Rights and the Constitution of the State of Maryland, the Laws of the State of Maryland, the Regulations of the State of Maryland, and the applicable County Charter and/or Code.

170.    42 U.S.C.A. §1981 states, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

171.    This cause of action is to redress the deprivation under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to Plaintiffs by the following non-exhaustive sources: the United States Constitution, Federal law, the State of Maryland Declaration of Rights, the Constitution of the State of Maryland, the Laws of the State of Maryland, the Regulations of the State of Maryland, and any local law or ordinance. The deprivation was of a clearly established right.

172.    Plaintiff(s) has/have a protected property interest in the rights, liberties, and

privileges described above and Plaintiff(s) was/were deprived of numerous protected property interests by the Defendants, their agents, and their employees when Defendant(s) failed to enable Plaintiffs to have equal rights.

173. The individual Defendant(s), its/their agents, servants, and employees, at all times relevant hereto, acted under color of law and in a manner that was not objectively reasonable.

174. Plaintiff(s) further allege(s) that all of Plaintiff(s)'s injuries, losses, and damages - past, present and prospective - were caused solely by the conduct, actions, and inactions of the Defendant(s), its/their agents, servants, and employees, as set forth herein, without any negligence, want of due care, or provocation on the part of the Plaintiff(s), either directly or indirectly.

175. Defendant(s), its/their agents, servants, and employees adopted a policy, pattern, and/or practice of action and/or inaction that facilitated the violation of Plaintiff(s) rights.

176. Defendant(s), its/their agents, servants, and employees tacitly approved and displayed deliberate indifference towards this unconstitutional conduct reflecting what amounted to an official policy of inaction.

177. As a direct and proximate result of these acts, by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

### COUNT XVIII – Violation of Rights Secured Under 42 U.S.C.A. § 1982
### *Plaintiffs v. Defendants*

178. Plaintiff(s) incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

179. Defendant(s), its/their agents, servants, and employees (a)(i) acted or (ii) engaged in activities or (b) failed to act in violation of Plaintiff(s)'s clearly established rights secured and protected under 42 U.S.C.A. §1982 and, including, but not limited to, the Fourteenth Amendment of the United States Constitution as well as the United States Code, United States Federal Register, the State of Maryland Declaration of Rights and the Constitution of the State of Maryland, the Laws of the State of Maryland, the Regulations of the State of Maryland, and the applicable County Charter and/or Code.

180. 42 U.S.C.A. §1982 states, "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase,

lease, sell, hold, and convey real and personal property."

181.    This cause of action is to redress the deprivation under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to Plaintiffs by the following non-exhaustive sources: the United States Constitution, Federal law, the State of Maryland Declaration of Rights, the Constitution of the State of Maryland, the Laws of the State of Maryland, the Regulations of the State of Maryland, and any local law or ordinance. The deprivation was of a clearly established right.

182.    Plaintiff(s) has/have a protected property interest in the rights, liberties, and privileges described above and Plaintiff(s) was/were deprived of numerous protected property interests by the Defendants, their agents, and their employees when Defendant(s) failed to enable Plaintiffs to have equal rights.

183.    The individual Defendant(s), its/their agents, servants, and employees, at all times relevant hereto, acted under color of law and in a manner that was not objectively reasonable.

184.    Plaintiff(s) further allege(s) that all of Plaintiff(s)'s injuries, losses, and damages - past, present and prospective - were caused solely by the conduct, actions, and inactions of the Defendant(s), its/their agents, servants, and employees, as set forth herein, without any negligence, want of due care, or provocation on the part of the Plaintiff(s), either directly or indirectly.

185.    Defendant(s), its/their agents, servants, and employees adopted a policy, pattern, and/or practice of action and/or inaction that facilitated the violation of Plaintiff(s) rights.

186.    Defendant(s), its/their agents, servants, and employees tacitly approved and displayed deliberate indifference towards this unconstitutional conduct reflecting what amounted to an official policy of inaction.

187.    As a direct and proximate result of these acts, by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

## COUNT XIX – Violation of Rights Secured Under 42 U.S.C.A. § 1986
### *Plaintiffs v. Defendants*

188.    Plaintiff(s) incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

189.    Defendant(s), its/their agents, servants, and employees (a)(i) acted or (ii) engaged

in activities or (b) failed to act in violation of Plaintiff(s)'s clearly established rights secured and protected under 42 U.S.C.A. §1986 and, including, but not limited to, the Fourteenth Amendment of the United States Constitution as well as the United States Code, United States Federal Register, the State of Maryland Declaration of Rights and the Constitution of the State of Maryland, the Laws of the State of Maryland, the Regulations of the State of Maryland, and the applicable County Charter and/or Code.

190.    42 U.S.C.A. §1981 states, "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."

191.    This cause of action is to redress the deprivation under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to Plaintiffs by the following non-exhaustive sources: the United States Constitution, Federal law, the State of Maryland Declaration of Rights, the Constitution of the State of Maryland, the Laws of the State of Maryland, the Regulations of the State of Maryland, and any local law or ordinance. The deprivation was of a clearly established right.

192.    Plaintiff(s) has/have a protected property interest in the rights, liberties, and privileges described above and Plaintiff(s) was/were deprived of numerous protected property interests by the Defendants, their agents, and their employees when Defendant(s) failed to enable Plaintiffs to have equal rights.

193.    The individual Defendant(s), its/their agents, servants, and employees, at all times relevant hereto, acted under color of law and in a manner that was not objectively reasonable.

194.     Plaintiff(s) further allege(s) that all of Plaintiff(s)'s injuries, losses, and damages - past, present and prospective - were caused solely by the conduct, actions, and inactions of the Defendant(s), its/their agents, servants, and employees, as set forth herein, without any negligence, want of due care, or provocation on the part of the Plaintiff(s), either directly or indirectly.

195.     Defendant(s), its/their agents, servants, and employees adopted a policy, pattern, and/or practice of action and/or inaction that facilitated the violation of Plaintiff(s) rights.

196.     Defendant(s), its/their agents, servants, and employees tacitly approved and displayed deliberate indifference towards this unconstitutional conduct reflecting what amounted to an official policy of inaction.

197.     As a direct and proximate result of these acts, by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.


WHEREFORE, Plaintiff(s), individually and separately, demand(s) judgment against Defendant(s), jointly and severally and/or individually and separately, in an amount of compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) and an amount of punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), plus reasonable attorneys fees, interest, and costs.


Respectfully Submitted,

**LEDYARD LAW LLC**


By: /s/ David C.M. Ledyard
    David C.M. Ledyard
    AIS No.: 0912160165
    1 North Charles Street, Suite 1215
    Baltimore, Maryland 21201
    Phone:  (410) 807-8077
    Fax:     (410) 807-8076
    david@ledyardlaw.com

    *Counsel for Plaintiffs*

## **DEMAND FOR JURY TRIAL**

Plaintiffs by and through undersigned counsel, respectfully requests a jury trial on all of the above claims.


/s/ David C.M. Ledyard
David C.M. Ledyard