**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

**MOTHER DOE #1, *ET AL.*** *

***Plaintiffs,*** * **CIVIL ACTION NO. 1:22-cv-01491-CCB**

**v.** *

**BOARD OF EDUCATION OF** *
**SOMERSET COUNTY, *ET AL.*** *

***Defendants.***

* * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant Samantha Williams Marsh ("**Ms. Marsh**") through counsel submits this Memorandum of Law, pursuant to Rules 81(c)(2), 12(b), 12(d), 56, and Local Rule 105, in support of Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment.

## INTRODUCTION

The genesis of this dispute is consensual sexual relationships between Ms. Marsh, a woman in her early thirties, and three seventeen-year-old males. Ms. Marsh happened to be a school nurse at the school these young men attended and pled guilty to three counts of Fourth Degree Sexual Offense due to being a person in a position of authority and for the sexual contacts alleged in the Complaint.[1] Ms. Marsh was sentenced to three years suspend all but six months for these events.

---

[1] Criminal Law Article § 3-308 provides that:

(c)(1) Except as provided in § 3-307(a)(4) of this subtitle or subsection (b)(2) of this section, a person in a position of authority may not engage in a sexual act or sexual contact with a minor who, at the time of the sexual act or sexual contact, is a student enrolled at a school where the person in a position of authority is employed.

Md. Code Ann., Crim. Law § 3-308.

What is undisputed in the record created from this criminal proceeding, is that Ms. Marsh engaged in sexual activity off School premises, outside of School hours, and with the consent of Student Plaintiffs. Even Judge Groton, who presided over Ms. Marsh's plea and sentencing, determined the sexual activity was consensual. While Plaintiffs assert heightened duties existed when Ms. Marsh was engaged in this activity, the sex acts performed were done outside the scope of her employment. Ms. Marsh was thus acting as a private citizen who owed no greater duty to Student Plaintiffs than to any other person. The activities alleged to have been performed in-School amount to typical acceptable conduct that does not amount to "grooming" because such activities were not sexual in context. These in-School activities and any claims associated with them are appropriate for dismissal on immunity grounds. Ms. Marsh's behavior does not create civil liability, and the Court must either dismiss the Plaintiffs' claims or enter judgement in Ms. Marsh's favor.

Plaintiffs filed their Complaint in the Circuit Court for Somerset County Maryland on February 11, 2022 against the Board of Education of Somerset County and Ms. Marsh. Ms. Marsh was served with this Complaint and Summons on April 30, 2022. On May 27, 2022, Ms. Marsh filed a *pro se* Motion to Extend Time to Answer. On June 14, 2022 the Circuit Court granted the Motion and extended Ms. Marsh's time to Answer until June 30, 2022. On June 17, 2022 the undersigned entered his appearance. On June 17, 2022, the Board filed a Notice of Removal in this Court and Ms. March consented. The present Motion is filed as to all claims applicable to Ms. Marsh.

**STATEMENT OF FACTS**

These facts are primarily taken from Plaintiffs' Complaint, except those drawn as noted from from the Transcripts of her criminal proceeding, both of which are attached in pertinent part.

Student Doe #1, #2, and #3 ("**Student Plaintiffs**") were students at Crisfield Academy and High School ("**School**"). (Compl. at ¶ 10). Student Plaintiffs were all seventeen years old at all relevant times, two of Student Plaintiffs were in twelfth grade, and one of Student Plaintiffs was in eleventh grade. (Compl. at ¶¶ 19-21; *See* the Plea Hearing of Samantha Marsh, which is attached as **Exhibit 1**, at 15:15-19). Ms. Marsh was in her early thirties and a nurse at the School. (Compl. at ¶ 22; Ex. 1, at 4:21-22). Ms. Marsh was an employee of the Board of Education of Somerset County ("**Board**"). (Compl. at ¶¶ 22, 40, 45). At all relevant times, Ms. Marsh was an appropriately licensed practical nurse. (*See* the Sentence Hearing of Samantha Marsh, which is attached as **Exhibit 2**, at 7:23-8:5). Ms. Marsh got to know Student Plaintiffs at the School, gave them gifts, gave them candy, and gave them attention. (Compl. at ¶ 37).

As the relationship with Student Plaintiffs grew stronger, Student Plaintiffs separately, at different times, and individually desired to engage in sexual activity with Ms. Marsh. (Ex. 1, at 11:11-12:14). Ms. Marsh agreed to their overtures and, over the course of under a year, proceeded to have romantic relationships independently with the three Student Plaintiffs. (Ex. 1, at 11:11-12:14; Ex. 2, at 16:14-20). The sexual encounters with these students consisted of Student Plaintiffs separately reaching out to Ms. Marsh (on one occasion Ms. Marsh reached out to the student) meeting with Ms. Marsh at a public location off School property (like McDonalds, Dollar General, or Student Plaintiffs' homes) on the weekend, driving to some other private area, and Ms. Marsh performing fellatio on Student Plaintiffs (on one occasion there was sexual intercourse) in her van. (Ex. 1, at 11:11-12:14; Ex. 2, at 16:14-20, 20:7-12, 20:17-18). At no point did Ms. Marsh engage in romantic conduct during the School's hours, at the School, or while driving Student Plaintiffs from the School to their homes or elsewhere. (Ex. 1, at 11:11-12:14, 15:19-22; Ex. 2, at 7:2-4, 9:4-10, 20:17-18).

Except on one occasion where Ms. Marsh reached out, all three of Student Plaintiffs voluntarily reached out to Ms. Marsh outside of School hours electronically and requested to have sex with her. (Ex. 1, at 11:11-12; Ex. 2, at 16:14-20, 20:7-12). Ms. Marsh was a willing participant to these encounters and Student Plaintiffs consented to them. (Ex. 1, at 11:11-12, 15:19-22; Ex. 2, at 16:14-20, 20:7-12). No grooming occurred and no misconduct occurred while Student Plaintiffs were at School. (Ex. 1, at 11:11-12, 15:19-22; Ex. 2, at 16:14-20, 20:17-18).

On July 30, 2019, in case number C-19-CR-19-000045, Ms. Marsh pled guilty to three counts of Fourth Degree Sex Offense, one count for each victim. (Compl. ¶ 39; Ex. 1, at 2:7-4:20). On August 20, 2019, Ms. Marsh was sentenced to three years suspend all but six months with thirty-three days of credit for time served. (Ex. 2, at 23:5-10). At the Sentencing and Plea Hearings, the statement of facts upon which the convictions were founded acknowledges, and Judge Groton indicates, Student Plaintiffs consented to the sexual activity. (Ex. 1, at 15:15-22; Ex. 2, at 7:1-2, 20:7-12). The State further acknowledged that "This law is strange. If she were not an employee, it would be legal." (Ex. 2, at 7:1-2, 20:7-12).

**<u>LEGAL STANDARD</u>**

To defeat a motion to dismiss under Rule 12(b)(6), the Complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* at 678. This Court must examine the entire Complaint and consider its factual allegations as true, then construe those factual allegations in the light most favorable to the plaintiff. See *Albright v. Oliver*, 510 U.S. 266, 268 (1994); see also *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407

F.3d 266, 268 (4th Cir. 2005). Where, as here, Defendant has submitted exhibits with her motion to dismiss, such evidence can be considered by converting the motion to a motion seeking summary judgment, Fed. R. Civ. P. 12(d), and by giving the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Under Rule 56, summary judgment is granted if the moving party demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the motion, this Court must view the facts in the light most favorable to the nonmoving party, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and may rely only on facts supported in the record, *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). A fact is "material" if it "might affect the outcome of the suit under the governing law," *Anderson*, 477 U.S. at 248, and a dispute of material fact is "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.*

## LEGAL ARGUMENT

### I. Activities Outside of the Scope of Ms. Marsh's Employment

**a. Plaintiffs Fail to State a Claim for Which Relief May be Granted Against Ms. Marsh Under Count I (Negligence), Count II (Negligent Training and Supervision), Count III (Negligence), Count VII (Article 24), Count VIII (Article 26), Count XI (Article VIII §1), Count XIII (Respondeat Superior), Count XIV (42 U.S.C. § 2000d *et seq.*), Count XV (20 U.S.C. § 1681(a)), and Count XVI (42 U.S.C.A. § 1983) With Regard to The Sexual Activity Because The Sexual Activity Alleged in the Complaint Did Not Occur Within the Scope of Ms. Marsh's Employment Since It Occurred Outside of School Hours, Off the School Premises, and With a Temporal Break Between Her Duties as a School Nurse and the Sexual Activity.**

**i. Ms. Marsh Acted Outside the Scope of Her Employment When All Sexual Activity Occurred Because It Took Place, Outside School Hours, Off School Premises, and With a Temporal Break Between Her Duties as a School Nurse and the Sexual Activity.**

Ms. Marsh owed Plaintiffs no special duty of supervision when she engaged in sexual activity with Student Plaintiffs with their consent, off School property, and after School hours. There exists a special duty of supervision between certain school employees and students during school hours, at school, or involved in school related activity off school premises. *Anderson v. State*, 142 Md. App. 498, 508 (2002). However, that duty ends when there has occurred a temporal break whose length and nature dispels this duty. *Id.* at 509 (proposing a teacher's parting from a student and reconnecting later off school property creates such a break). In *Anderson v. State*, 142 Md. App. 498 (2002) a high school teacher was criminally convicted of child abuse for having sexual intercourse with his 14-year-old student while driving said student home from school. *Id.* at 501-02. The court found that as the child's teacher the defendant stood in *loco parentis* with a duty to supervise the child. *Id.* at 507. The court then held that the duty continued outside of school hours, and off the school premises because the defendant had never relinquished his custody over the child, there did not occur a temporal break relinquishing the defendant of his duties to supervise and care for the child. *Id.* at 508-10.

Ms. Marsh was convicted of Fourth Degree Sexual Offenses for engaging in sexual activity with three seventeen-year-old males with their consent, outside of School hours, and off School premises. Ex. 1, at 11:11-12:14, 15:15-22; Ex. 2, at 7:2-4, 9:4-10, 20:17-18. To the extent her day-job placed her in a position of authority over these young men, she was subject to criminal liability for its abuse. However, the duty alleged to have existed between Ms. Marsh and the Plaintiffs, namely "to provide for the safety and care of students when those students are in her custody and control…", only exists when she is acting within the scope of her employment as a school nurse. Compl. at ¶ 67. Unlike in *Anderson* Ms. Marsh engaged in sex acts with Student Plaintiffs on the weekends and not while driving any of them home from School. Ex. 1, at 11:11-12:14; Ex. 2, at

7:3-4,16:14-20, 20:7-12, 20:17-18. Ms. Marsh's romantic relationship with Student Plaintiffs thus occurred outside of the scope of her employment and there existed no special duty owed towards Student Plaintiffs from Ms. Marsh.

**ii. Plaintiffs Fail to State a Claim for Which Relief May be Granted Under Count I, Count II, Count III, and Count XIII or Alternatively, Judgment Should Be Entered in Defendant's Favor Because Ms. Marsh Did Not Owe Plaintiffs the Duty Alleged Regarding the Sexual Activity.**

To state a claim for negligence in Maryland a plaintiff must allege:

> (1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty.

*Washington Metro. Area Transit Auth. v. Seymour*, 387 Md. 217, 223 (2005) (quoting *BG & E v. Lane,* 338 Md. 34, 43 (1995)).

Plaintiffs claim Ms. Marsh had a duty to provide for the safety and care of Student Plaintiffs "when those students are in her custody and control." Compl. at ¶ 67. As stated above, this duty would only exist in her role as a school nurse, but all alleged sexual activity occurred outside of the scope of Ms. Marsh's employment because it occurred off School premises, outside of School hours, and with a temporal break from her duties as a school nurse. Ex. 1, at 11:11-12:14; Ex. 2, at 7:3-4,16:14-20, 20:7-12, 20:17-18. Ms. Marsh could not have been under the alleged duty because the activities occurred outside of her employment, and so Counts, I, II, III, and XIII must be dismissed, or alternatively, judgment entered in Defendant's favor.

**iii. Plaintiffs Fail to State a Claim for Which Relief May be Granted Under Count VII, Count VIII, Count XI, Count XIV, Count XV, Count XVI, Regarding the Sexual Activity, or Alternatively, Judgment Should be Entered in Defendant's Favor Because There Was no State Action or Involvement of a Government Program Since Ms. Marsh Was Not Acting as an Agent of the State of Maryland When Engaged in Sexual Activity.**

To bring a claim under Article 24 and Article 26 of the Maryland Declaration of Rights, Article VIII §1 of the Maryland Constitution, 42 U.S.C. § 2000d *et seq.*, 20 U.S.C. § 1681(a), and 42 U.S.C.A. § 1983 there must be state action or the involvement of a government program. *Toland v. Futagi*, 425 Md. 365, 386 (2012) (requiring the first prerequisite to bringing a due process claim under the fourteenth amendment or Article 24 to be state action); *White v. State*, 248 Md. App. 67, 77 (2020) (requiring state action for application of Fourth Amendment protections against unreasonable searches and seizures); *Thomas v. Allegany Cnty. Bd. of Ed.*, 51 Md. App. 312, 319-320 (1982) (holding state action required under Article VIII § III); *Awah v. Mansfield Kaseman Health Clinic*, No. 8:21-CV-00938-PX, 2021 WL 6197415, at *3-6 (D. Md. Dec. 30, 2021) (holding individuals cannot be held liable under 42 U.S.C. § 2000d); *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009) (finding 20 U.S.C. § 1681(a) does not authorize suit against school officials or individuals); see also *Thomas v. Springfield Sch. Comm.*, 59 F. Supp. 3d 294, 301 (D. Mass. 2014) (holding individual school employees cannot be held liable under 20 U.S.C. § 1681(a)); *Eddy v. Virgin Islands Water & Power Auth.*, 955 F. Supp. 468, 477 (D.V.I.) (permitting individual liability under 42 U.S.C.A. § 1983 only when actions were performed within the scope of the individual's official duties.). Ms. Marsh was not acting as a School employee when she was engaged in sexual activity with Student Plaintiffs, but as a private individual engaged in her personal affairs. Ex. 1, at 11:11-12:14, 15:19-22; Ex. 2, at 7:2-4, 9:4-10, 20:17-18. Individuals and private persons engaged in noncommercial personal activities are not susceptible to suit for any of the above-listed grounds of liability. Ms. Marsh cannot be found liable under these claims in so far as they are based on her sexual activity with Student Plaintiffs because she was not acting as an agent of any government or in her official duties as a Board employee, but in her personal capacity as a private citizen.

## II. Activities Within the Scope of Ms. Marsh's Employment

### a. Plaintiffs Fail to State a Claim for Which Relief May Be Granted under Count I, Count II, Count III, Count VII, Count VIII, Count XI, Count XII, Count XIII, Count XIV, Count XV, Count XVI, Count XVII, Count XVIII, and Count XIX Regarding the Alleged Grooming, or Alternatively, Judgment Should be Entered in Defendant's Favor Since Ms. Marsh is Entitled to Immunity Under 20 U.S.C.A. § 7946 And the Alleged Grooming Was Not Sexual in Context.

While Ms. Marsh was acting within the scope of her employment during the School's hours and on the School's premises she is entitled to immunity for her conduct because such conduct did not form the basis of any criminal conviction, the conduct was appropriate in that it was not sexual in context, and the conduct was in conformity with state and federal law. Federal Law provides that:

> no teacher in a school shall be liable for harm caused by an act or omission of the teacher on behalf of the school if--
>
> **(1)** the teacher was acting within the scope of the teacher's employment or responsibilities to a school or governmental entity;
>
> **(2)** the actions of the teacher were carried out in conformity with Federal, State, and local laws (including rules and regulations) in furtherance of efforts to control, discipline, expel, or suspend a student or maintain order or control in the classroom or school;
>
> **(3)** if appropriate or required, the teacher was properly licensed, certified, or authorized by the appropriate authorities for the activities or practice involved in the State in which the harm occurred, where the activities were or practice was undertaken within the scope of the teacher's responsibilities;
>
> **(4)** the harm was not caused by willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the teacher; and
>
> **(5)** the harm was not caused by the teacher operating a motor vehicle, vessel, aircraft, or other vehicle for which the State requires the operator or the owner of the vehicle, craft, or vessel to--
>
> > **(A)** possess an operator's license; or
> >
> > **(B)** maintain insurance.

20 U.S.C.A. § 7946.

Plaintiffs allege in their Complaint, "[a]t all relevant times, the employees of Board Defendants, including Defendant Marsh, were acting within the scope of their employment…" (Compl. at ¶ 45.). As a properly licensed (at all relevant times) school nurse, Ms. Marsh was entitled to this Federal statutory immunity from suit while acting within the scope of her employment. 20 U.S.C.A. § 7943 (defining "Teacher" as "a professional or nonprofessional employee who (i) works in a school and (ii)(I) In the employee's job, maintains discipline or ensures safety."); *R.D. by next friend Davis v. Concord Cmty. Sch.*, No. 3:19-CV-823-PPS, 2021 WL 2982980, at *8 (N.D. Ind. July 15, 2021) (applying statute to school nurse); Ex. 2, at 7:23-8:5. At no point did Ms. Marsh's in-School activities form the basis of any criminal conviction and at no point was she driving a vehicle in such capacity. Compl. ¶¶ at 28-30, 32; Ex. 1, at 11:11-12:14; Ex. 2, at 7:3-4,16:14-20, 20:7-12, 20:17-18.

Additionally, no actionable "grooming" occurred because none of the acts were sexual in context. In *Wicomico Cnty. Dep't of Soc. Servs. v. B.A.*, 449 Md. 122 (2016) the Department of Social Services appealed an administrative law judge's finding that a martial arts instructor's conduct towards one of his students could not be indicated for child abuse. *Wicomico Cnty. Dep't of Soc. Servs. v. B.A.*, 449 Md. 122, 124 (2016). The instructor had engaged in sexually explicit communications by email and phone with a fifteen-year-old student outside of class and while physically separated in different locations. *Id.* In class, the instructor was really friendly to the student, spent more time with the student than anyone else, spoke to her about her personal life, gave her the pet name of "Sunlight", and touched her hips with his hands to help her into a martial arts position. *Id.* at 128-130. The Department had alleged this in-class behavior amounted to "grooming" designed to encourage the student into sexual relations so that these in-class actions were "inextricably intertwined" with the instructor's actions outside of the class. *Id.* at 137. The

Court of Appeals, standing in judicial review of an administrative action, found, citing *Walker v. State,* 432 Md. 587 (2013), that for such behaviors to be considered child abuse, they must be "sexual in context, and the adult performing the actions receives a benefit from them." *Id.* at 139. It then held the administrative law judge's determination not to be clearly erroneous because,

> Being 'really friendly' to a student is not sexual exploitation. Talking to a student about how she is doing and what she has done that day is not sexual exploitation. Touching a student's hips during a martial arts class to help the student with a position ordinarily is not sexual exploitation. Building trust with a student during class is not sexual exploitation... The fact that Mr. A. did try to sexually exploit Ms. K. outside of class is not, by itself, enough to prove his intentions during class.

*Wicomico Cnty. Dep't of Soc. Servs. v. B.A.*, 449 Md. 122, 140-41 (2016).

Plaintiffs allege Ms. Marsh's in-School "grooming" included providing snacks and drinks to Student Plaintiffs, providing Student Plaintiffs with special attention, and providing Student Plaintiffs with rides home. Compl. at ¶¶ 28-30, 32. To provide the necessary context which the Court of Appeals requires, Ms. Marsh would have had to give clear indications of romantic feelings while acting in the scope of her employment, which Plaintiffs have not pled and Ms. Marsh did not do. *Wicomico Cnty. Dep't of Soc. Servs. v. B.A.*, 449 Md. 122, 141 (2016); Ex. 1, at 11:11-12:14; Ex. 2, at 7:3-4,16:14-20, 20:7-12, 20:17-18. Ms. Marsh is entitled to immunity for the alleged in-School conduct under 20 U.S.C.A. § 7946.

**b. Plaintiffs Fail to State a Claim for Which Relief May Be Granted Under Count I, Count II, Count III, Count VII, Count VIII, Count XI, Count XII, Count XIII, Count XIV, Count XV, Count XVI, Count XVII, Count XVIII, and Count XIX Regarding the Alleged Grooming, or Alternatively, Judgment Should be Entered in Defendant's Favor Since Ms. Marsh is Entitled to Immunity and/or Indemnification Under Courts and Judicial Proceedings Article § 5-518.**

Ms. Marsh is entitled to immunity for any amounts claimed above the applicable insurance policy or $400,000.00 and is entitled to indemnification by the County for any amounts beneath

those thresholds for the alleged acts of grooming because she was acting within the scope of her employment when they occurred, and the conduct was not sexual in context. Ms. Marsh is entitled to governmental immunity and indemnification by her employer for the alleged grooming because it occurred within the scope of her employment. Courts and Judicial Proceedings § 5-318 provides that:

> A county board employee acting within the scope of employment, without malice and gross negligence, is not personally liable for damages resulting from a tortious act or omission for which a limitation of liability is provided for the county board under subsection (b) of this section, including damages that exceed the limitation on the county board's liability.

Md. Code Ann., Cts. & Jud. Proc. § 5-518.

Subsection (b) states,

> A county board of education, described under Title 4, Subtitle 1 of the Education Article, may raise the defense of sovereign immunity to any amount claimed above the limit of its insurance policy or, if self-insured or a member of a pool described under § 4-105(c)(1)(ii) of the Education Article, above $400,000.

Md. Code Ann., Cts. & Jud. Proc. § 5-518.

An employee of a board is entitled to governmental immunity for amounts claimed above an applicable insurance policy or above $400,000.00. While a County is required to waive sovereign immunity for claims under the limits of its insurance policy or $400,000.00, an employee of the Board is entitled to indemnification by the county/employer for such amounts. Appropriately, "[a]ny judgment rendered against a local county board employee acting within the scope of employment and without gross negligence or malice shall be levied against the local county board only and may not be executed against the local county board employee." *Gambrill v. Bd. of Educ. of Dorchester Cnty.*, 252 Md. App. 342, 355, *cert. granted,* 476 Md. 238, 259 A.3d 787 (2021). Ms. Marsh is a Board employee who, in regard to the alleged acts of "grooming," was acting within the scope of her employment. Compl. at ¶¶ 22, 40, 45. As discussed herein, Ms.

Marsh's actions within the scope of here employment, included providing snacks and drinks to Student Plaintiffs, providing Student Plaintiffs with special attention, and providing Student Plaintiffs with rides home. (Compl. at ¶¶ 28-30, 32). This conduct was done without malice or gross negligence as they were done absent any sexual context and are otherwise routine behaviors. *Wicomico Cnty. Dep't of Soc. Servs. v. B.A.*, 449 Md. 122, 139 (2016). This Court should dismiss the listed claims because judgment cannot be entered against Ms. Marsh for any amounts below the applicable insurance policy or $400,000.00 and because she is immune from any claim to damages above the same.

**c. Plaintiffs Fail to State a Claim for Which Relief May Be Granted under Count XVI (1983) Regarding the Alleged Grooming, or Alternatively, Judgment Should be Entered in Defendant's Favor Since Ms. Marsh is Entitled to Qualified Immunity.**

To determine whether to apply qualified immunity Court's examine,

> First, [the court] must decide whether a constitutional right would have been violated on the facts alleged. Next, assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

*Schiffbauer v. Schmidt*, 95 F. Supp. 3d 846, 852 (D. Md. 2015).

Assuming any constitutional rights have been violated by the alleged grooming, it would not be reasonable that Ms. Marsh to believe that she was violating any constitutional rights because her actions were not sexual in context. *Wicomico Cnty. Dep't of Soc. Servs. v. B.A.*, 449 Md. 122, 139 (2016). While acting within the scope of her employment, Plaintiffs allege that Ms. Marsh provided snacks and drinks to Student Plaintiffs, provided Student Plaintiffs with special attention, and provided Student Plaintiffs with rides home. Compl. at ¶¶ 28-30, 32. This conduct is reasonable in light of her role as a school nurse and did not amount to grooming because it was not sexual in context. As such, Ms. Marsh is entitled to qualified immunity from Plaintiffs' § 1983

claim regarding alleged grooming, and Count XVI must be dismissed or judgment entered in Defendant's favor.

## III. Miscellaneous Claims

### a. Plaintiffs Fail to State a Claim for Which Relief May be Granted Under Count IV (Battery), or Alternatively, Judgment Should be Entered in Defendant's Favor Because Student Plaintiffs Consented to all Alleged Physical Contact.

Count IV must be dismissed or judgment entered for Defendant because it is undisputed Student Plaintiffs consented to the sexual activity. To state a claim for battery in Maryland a plaintiff must allege that the defendant "intends a harmful or offensive contact with another without that person's consent." *Nelson v. Carroll*, 355 Md. 593, 600 (1999). An individual who is over the age of 16 can consent to sexual activity; as the Court of Appeals has stated, 16 is "the age of consent to sexual relations." *Garnett v. State*, 332 Md. 571, 577 (1993). Student Plaintiffs were all seventeen years old at all relevant times and thus had the capacity to consent to sexual relations. (Compl. at ¶¶ 19-21). Additionally, it is undisputed that Student Plaintiffs reached out to Ms. Marsh requesting sex, that Student Plaintiffs went to meet Ms. Marsh at pre-arranged public locations (or at their homes), and that Student Plaintiffs consented to sex acts with Ms. Marsh. Ex. 1, at 11:11-12:14, 15:19-22; Ex. 2, at 7:3-4,16:14-20, 20:7-12, 20:17-18. Since Student Plaintiffs consented to the sexual activity, Count IV must be dismissed or judgment entered in Defendant's favor.

### b. Plaintiffs Fail to State a Claim for Which Relief May be Granted Under Count X (State Government Article § 20-901) Because the Statute Relied Upon Does Not Create a Private Right of Action.

State Government Article § 20-901 does not provide for a private cause of action. In *Doe v._Cmty. Coll. of Baltimore Cnty.*, No. CV ELH-21-180, 2022 WL 971079 (D. Md. Mar. 30, 2022)

a seventeen-year-old student at a community college brought suit under, *inter alia*, State Government Article § 20-901 for the sexual harassment directed at her from her professor. *Doe v. Cmty. Coll. of Baltimore Cnty.*, No. CV ELH-21-180, 2022 WL 971079, at *3 (D. Md. Mar. 30, 2022). The court Found that State Government Article § 20-901 did not create a private cause of action for discrimination with respect to a place of public accommodation and dismissed the claim. *Id.* at *9. Plaintiffs allege a similar claim under State Government Article § 20-901 as in *Doe v. Cmty. Coll. Of Baltimore Cnty.* and their claim too must be dismissed because that statute does not create a private cause of action.

**c. Plaintiffs Fail to State a Claim for Which Relief May be Granted Under Count XII (Breach of Fiduciary Duty), or Alternatively, Judgment Should be Entered in Defendant's Favor Since Ms. Marsh Was Not a Fiduciary of Student Plaintiffs and Was not Acting in The Scope of Her Employment in Regard to the Sexual Activity.**

To state a claim for breach of fiduciary duty in Maryland a plaintiff must allege:

> (1) the existence of a fiduciary relationship; (2) breach of the duty owed by the fiduciary to the beneficiary; and (3) harm to the beneficiary

*Plank v. Cherneski*, 469 Md. 548, 559 (2020).

Whether a school nurse or even a teacher stands in a fiduciary relationship with their students is an issue of first impression in Maryland. However, not even physicians stand in a fiduciary relationship with their patients. *Dingle v. Belin*, 358 Md. 354, 377 (2000) (holding that the doctor-patient relationship is normally a contractual one). Assuming there is such a duty, it could not have existed when Ms. Marsh was engaged in sexual activity with Student Plaintiffs because she was not acting in the scope of her employment as a school nurse. Additionally, the conduct complained of in-School does not amount to a breach of fiduciary duty because it was not sexual in context. (Compl. at ¶¶ 28-30, 32). In regard to both the sexual activity and the in-School conduct, Ms. Marsh did not owe Plaintiffs a fiduciary duty and to the extent she owed Plaintiffs a duty she could

not have breached them because she was acting outside of the scope of her employment with regard to the sexual activity and the in-School activity was not sexual in context. Count XII must be dismissed or judgment entered in Defendant's favor.

**d. Plaintiffs Fail to State a Claim for Which Relief May be Granted Under Count VI (Intentional Infliction of Emotional Distress), or Alternatively, Judgment Should be Entered in Defendant's Favor Because Student Plaintiffs Consented to the Sexual Activity and Ms. Marsh's In-School Conduct Was Not Outrageous.**

To state a claim for intentional infliction of emotional distress in Maryland a plaintiff must plead the following:

> (1) The conduct must be intentional or reckless; (2) [t]he conduct must be extreme and outrageous; (3) [t]here must be a causal connection between the wrongful conduct and the emotional distress; (4) [t]he emotional distress must be severe.

*Manikhi v. Mass Transit Admin.*, 360 Md. 333, 367 (2000). "In order to satisfy the element of extreme and outrageous conduct, the conduct "must be 'so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" *Mitchell v. Baltimore Sun Co.*, 164 Md. App. 497, 525 (2005) (quoting *Batson v. Shiflett*, 325 Md. 684, 733 (1992)). "[c]onsent to the conduct forming the basis of his claim is relevant at least to whether Barrios's conduct was 'outrageous and intolerable.'" *Barrios v. Elmore*, No. 3:18-CV-132-DJH-RSE, 2021 WL 6108008, at *2 (W.D. Ky. Jan. 8, 2021). The conduct alleged cannot be considered extreme and outrageous because the conduct involved mutually consensual sex acts, providing snacks and drinks to Student Plaintiffs, providing Student Plaintiffs with special attention, and providing Student Plaintiffs with rides home. (Compl. at ¶¶ 28- 30, 32; Ex. 1, at 11:11-12, 15:19-22; Ex. 2, at 16:14-20, 20:7-12). Such behaviors are well within the bounds of social decency and so Count VI must be dismissed or judgment entered in Defendant's favor.

**e. Plaintiffs Fail to State a Claim for Which Relief May be Granted Under Count IX (Gross Negligence), or Alternatively, Judgment Should be Entered in Defendant's Favor Because Student Plaintiffs Consented to the Sexual Activity and Ms. Marsh's In-School Conduct Was Appropriate.**

Gross negligence is defined as,

> an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies a thoughtless disregard of the consequences without the exertion of any effort to avoid them. Stated conversely, a wrongdoer is guilty of gross negligence or acts wantonly and willfully only when he inflicts injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist.

*Romanesk v. Rose*, 248 Md. 420, 423 (1968) (quoting 4 Blashfield, Cyclopedia of Automobile Law and Practice, s 2771 (1946 ed.).

It is undisputed that Student Plaintiffs reached out to Ms. Marsh requesting sex, that Student Plaintiffs went to meet Ms. Marsh at pre-arranged public locations, and that Student Plaintiffs consented to sex with Ms. Marsh. Ex. 1, at 11:11-12:14, 15:19-22; Ex. 2, 7:3-4,16:14-20, 20:7-12, 20:17-18. Ms. Marsh's actions at the School included providing snacks and drinks to Student Plaintiffs, providing Student Plaintiffs with special attention, and providing Student Plaintiffs with rides home. (Compl. at ¶¶ 28, 29, 30, 32). This conduct was done without malice or gross negligence as they were done absent any sexual context and are otherwise routine behaviors. *Wicomico Cnty. Dep't of Soc. Servs. v. B.A.*, 449 Md. 122, 139 (2016). For these reasons, Count IX must be dismissed or judgment entered in Defendant's favor.

**f. Plaintiffs Fail to State a Claim for Which Relief May be Granted Under Count V (Invasion of Privacy), or Alternatively, Judgment Should be Entered in Defendant's Favor Because Student Plaintiffs Consented to the Sexual Activity as Well as Ms. Marsh's In-School Behavior.**

The tort of invasion of privacy comes in four forms; however, Plaintiffs allege invasion of privacy based on intrusion upon seclusion. Compl. at ¶ 81. To state a claim for intrusion upon

seclusion is defined as "'The intentional intrusion upon the solitude or seclusion of another or his private affairs or concerns that would be highly offensive to a reasonable person.'" *Mitchell v. Baltimore Sun Co.*, 164 Md. App. 497, 522 (2005) (quoting *Furman v. Sheppard,* 130 Md. App. 67, 73 (2000)). "In addition, plaintiff must have a reasonable expectation of privacy." *Trundle v. Homeside Lending, Inc.*, 162 F. Supp. 2d 396, 401 (D. Md. 2001). Student Plaintiffs had pursued Ms. Marsh and consented to all of the sexual activity. Ex. 1, at 11:11-12:14, 15:19-22; Ex. 2, at 7:3-4,16:14-20, 20:7-12, 20:17-18. Additionally, Plaintiffs allege Student Plaintiffs came to Ms. Marsh's office during School hours and voluntarily engaged in conversation with her. Compl. at ¶ 28-30, 32. Done with Student Plaintiffs' consent and participation, Count V must be dismissed or judgment must be entered in Defendant's favor.

**g. Plaintiffs Fail to State a Claim for Which Relief May Be Granted under Count XVII (§ 1981) Regarding the Sex Acts, or Alternatively, Judgment Should be Entered in Defendant's Favor Since Ms. Marsh is Entitled to Qualified Immunity.**

To determine whether to apply qualified immunity Court's examine,

> First, [the court] must decide whether a constitutional right would have been violated on the facts alleged. Next, assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

*Schiffbauer v. Schmidt*, 95 F. Supp. 3d 846, 852 (D. Md. 2015).

Assuming any constitutional rights have been violated by the sexual activity, it would not be reasonable that Ms. Marsh to believe that she was violating any constitutional rights because her actions were taken outside the scope of her employment and with the consent of Student Plaintiffs, who were over the age of consent in Maryland. *Garnett v. State*, 332 Md. 571, 577 (1993); Ex. 1, at 11:11-12:14, 15:19-22; Ex. 2, at 7:3-4,16:14-20, 20:7-12, 20:17-18. Ms. Marsh, acting as a private citizen and outside the scope of her employment is permitted to choose the

qualities of her romantic partners. *See generally Loving v. Virginia*, 388 U.S. 1, 12 (1967) (holding statute restricting freedom to marry based on racial classifications violates Equal Protection Clause). As such, Ms. Marsh is entitled to qualified immunity from Plaintiffs' § 1981 regarding sex acts, and Count XVII must be dismissed or judgment entered in Defendant's favor.

**h. Plaintiffs Fail to State a Claim for Which Relief May Be Granted under Count XVIII (§1982) Regarding the Sex Acts, or Alternatively, Judgment Should be Entered in Defendant's Favor Since Plaintiffs Have Not Alleged any Property Rights Interfered with By the Sexual Activity.**

To state a claim under 42 U.S.C. § 1982 a plaintiff must claim,

> "(1) he is a member of a racial minority; (2) the defendant[s] had an intent to discriminate on the basis of race; and (3) the discrimination involved one of the activities enumerated in the statute[ ], *i.e.* ... the owning of real and personal property."

*Hayat v. Diaz*, No. 20-CV-02994-LKG, 2022 WL 252963, at *7 (D. Md. Jan. 27, 2022) (quoting *Awkard v. Rammelsberg*, No. 17-1542, 2018 WL 4999792, at *9 (D.S.C. Mar. 13, 2018)).

Ms. Marsh's sexual activities with Student Plaintiffs were taken outside the scope of her employment and with the consent of Student Plaintiffs who were over the age of consent in Maryland. *Garnett v. State*, 332 Md. 571, 577 (1993); Ex. 1, at 11:11-12:14, 15:19-22; Ex. 2, at 7:3-4,16:14-20, 20:7-12, 20:17-18. The sexual activities occurred off School property, outside of the School's hours, and thus had nothing to do with Student Plaintiffs' education. Ex. 1, at 11:11-12:14, 15:19-22; Ex. 2, at 7:2-4, 9:4-10, 20:17-18. Plaintiffs have therefore failed to allege that these actions in any way interfered with any identifiable property rights and so Count XVIII must be dismissed or judgment entered in Defendant's favor.

**i. Plaintiffs Fail to State a Claim for Which Relief May Be Granted under Count XIX (§ 1986) Since Plaintiffs Are Barred from Bringing a Claim Beyond the Statute of Limitations.**

42 U.S.C. § 1986 provides that,

> no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

42 U.S.C.A. § 1986.

Since the Federal Statute itself provides for the limitations period, Maryland's limitations statute is inapplicable. *Facey v. Dae Sung Corp.*, 992 F. Supp. 2d 536, 540 (D. Md. 2014) (barring plaintiff's 42 U.S.C. § 1986 claim for filing it after the one-year statute of limitations); *Stewart-El v. Berry*, No. CV PX-19-2823, 2020 WL 7425309, at *2, n. 2 (D. Md. Dec. 17, 2020); *see also Walker v. City of Lakewood*, 742 F. Supp. 429, 431 (N.D. Ohio 1990). Plaintiffs allege that the sexual activity all occurred between March 2018 and October 2018, that Student Plaintiffs were all seventeen years old at the time, that at least one of Student Plaintiffs turned eighteen years old by July 1, 2019, and that Student Plaintiffs' parents learned of the sexual activity on February 11, 2019. (Compl. at ¶¶ 40-41). Ms. Marsh pled guilty on July 20, 2019 and the Complaint was filed on February 11, 2022. (Compl. at ¶ 39). Since Plaintiffs filed their Complaint beyond the one-year limitations period Count XIX must be dismissed.

## CONCLUSION

Ms. Marsh has paid her debt owed to society with her criminal conviction. However, the actions and events alleged to have occurred in the Complaint cannot form the grounds for civil liability, and all Counts pled against Ms. Marsh individually must be dismissed or judgment entered in Ms. Marsh's favor for the reasons stated above.

Robin R. Cockey

ROBIN R. COCKEY, Fed. Bar No.02657
Cockey, Brennan & Maloney, PC
313 Lemmon Hill Lane
Salisbury, MD 21801
Phone: 410-546-1750
Fax: 410-546-1811
rrcesq@cbmlawfirm.com
*Attorney for Defendant*